FILED
SUPERIOR COURT
OF GUAM

2020 MAR -4 PM 2: 18

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Case No. CF0216-19** |
| | GPD Report No. 19-10084/10087 |
| Plaintiff, | |
| v. | **DECISION AND ORDER** |
| **REX TRAVIS DICKILIMAI,**<br>DOB: 07/05/2001 | |
| **SIOCHY ELSON,**<br>DOB: 04/16/2000 | |
| **KAYFIN CHRISTOPHER,**<br>DOB: 09/19/2001 | |
| Defendants. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on December 20, 2019 for hearing on Defendant Rex Travis Dickilimai's ("Defendant Dickilimai") Motion for De-Certification and Transfer to Family Court ("Dickilimai's Motion") and Defendant Siochy Elson's ("Defendant Elson") Motion for De-Certification and Transfer to Family Court ("Elson's Motion"). Defendant Dickilimai is represented by Assistant Public Defender Ali Nusbaum and Defendant Elson is represented by Assistant Alternate Public Defender John Morrison. Assistant Attorney General Sean Brown appeared on behalf of the People of Guam. After considering the arguments of the parties and the applicable law, the Court issues this

Decision and Order and **DENIES** both Defendant Dickilimai's Motion and Defendant Elson's Motion.

## BACKGROUND

On April 8, 2019, the Guam Police Department responded to a report that a vehicle had overturned in Tiyan. Magistrate's Complaint, Decl. at 1 (Apr. 9, 2019). The vehicle in question was a Cadillac Hearse, belonging to Our Lady of Peace. *Id.* The vehicle sustained damage when it was overturned. *Id.* Police apprehended three juvenile males that were determined to have been the occupants of the vehicle. *Id.* These individuals were Rex Travis Dickilimai, Siochy Elson, and Kayfin Christopher. *Id.*

Police interviewed all three individuals. *Id.* The interviews revealed that Defendant Dickilimai was the operator of the vehicle and that Defendants Elson and Christopher were passengers. *Id.* Defendant Dickilimai had bloodshot watery eyes, a smell of an intoxicating beverage on his breath, bad balance and slurred speech, as well as having a quarter full bottle of gin. *Id.* Defendant Elson reported that when he was picked up by the other individuals, they were already drinking. *Id.* Defendant Christopher reported that he broke the rear window of the vehicle in order to get out. *Id.* After the crash occurred, all of the individuals left the vehicle, but a man caught them trying to escape. *Id.*

A grand jury indicted the Defendants on various charges in connection with the accident. Defendant Dickilimai was indicted on charges of Theft by Receiving (as a Second Degree Felony), Driving While Impaired (as a Misdemeanor), Possession of an Open Container (as a Misdemeanor), and Leaving the Scene with Property Damage (as a Petty Misdemeanor). Indictment at 2-3 (Apr. 18, 2019). Defendant Elson was indicted on one charge of Theft by

Receiving (as a Second Degree Felony). *Id.* at 3. Defendant Christopher was indicted on one charge of Theft by Receiving (as a Second Degree Felony). *Id.* at 3-4.

Defendant Dickilimai filed his Motion on May 22, 2019. The People filed their opposition on December 26, 2019. People's Opposition to Defendant's Motion for Transfer to Family Court. Defendant Elson filed his Motion on December 6, 2019. The People filed their opposition on December 17, 2019. People's Response to Defendants [sic] Motion to for [sic] De-Certification and Transfer to Family Court. The Court held a hearing on both Defendants' motions and subsequently took the matters under advisement. Minute Entry (Dec. 20, 2019).

## DISCUSSION

If a minor is sixteen (16) years of age or older at the time of commission of the offense for which he or she is charged, the prosecutor is required to charge that person as an adult when the alleged offense is a felony of the first or second degree, as well as any offenses which arise out of the same scheme. 19 G.C.A. § 5106(a). While charging the minor as an adult is mandatory, the Guam Code also authorizes courts to transfer the matter to Family Court. 19 G.C.A. § 5106(d). Transfer is permissible when the court finds by clear and convincing evidence "that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." *Id.* In evaluating whether transfer to Family Court is warranted, the court should consider:

(1) the age of the minor;
(2) the history of the minor, including:
    (A) any previous delinquent or criminal history of the minor;
    (B) any previous abuse or neglect history of the minor; and
    (C) any mental health, physical or educational history of the minor, or a
        combination of these factors;
(3) the circumstances of the offense, including:
    (A) the seriousness of the offense;
    (B) whether the minor is charged through accountability;
    (C) whether there is evidence the offense was committed in

an aggressive and premeditated manner;
    (D) whether there is evidence the offense caused seriously bodily harm; and
    (E) whether there is evidence the minor possessed a deadly weapon;
    (4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;
    (5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;
    (6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;
    (7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and
    (8) the adequacy of the punishment or services.

*Id.* In considering the above factors, the court must give greater weight to the seriousness of the alleged offense and the minor's history of juvenile delinquency than any of the other factors. *Id.* The Court is tasked with striking a balance between the best interest of the juvenile defendant(s) and the "public's interest in being protected from crime." *People v. Moore*, 957 N.E.2d 555, 560 (Ill. Ct. App. 2011).

**A.      Age and History of the Defendants.**

Defendant Dickilimai was seventeen (17) years old at the time of the alleged offense, about three (3) months away from turning eighteen (18) years old. He has neither a history of abuse nor any known mental health, physical, or educational issues. Defendant Dickilimai has no prior delinquent or criminal history. Defendant Dickilimai's age, lack of history of abuse or neglect, and lack of criminal history weighs in favor of transfer to Family Court.

Defendant Elson was sixteen (16) years old at the time of the alleged offense. He has neither a history of abuse nor any known mental, physical, or educational issues. Defendant Elson has no prior delinquent or criminal history. Defendant Elson's age, lack of history of abuse or neglect, and lack of criminal history weighs in favor of transfer to Family Court.

/

## B.     Circumstances of the Offense.

Theft by Receiving (as a Second Degree Felony) is undoubtedly a serious offense; both Defendant Dickilimai and Defendant Elson agree on this. There is no evidence that the minors neither caused serious bodily injury nor possessed deadly weapons.

However, the Declaration attached to the Magistrate's Complaint leads the Court to believe that not only were the alleged offenses serious in nature, but that they were committed in an aggressive manner. While the initial taking of the vehicle may not have been done in an aggressive manner, it can be reasonably inferred that the minors handled the vehicle in an aggressive manner, considering the fact that a crash occurred and that the vehicle flipped as a result. The vehicle sustained damage as a result of the alleged taking, resulting in loss for the victim, Our Lady of Peace. Further, Defendant Dickilimai is alleged to have left the scene of the accident after the crash occurred. This is particularly concerning to the Court as Defendant Dickilimai, through these actions, attempted to escape responsibility and accountability for his actions.

The Court finds the allegations particularly troubling, considering that the victim is a church and that the vehicle in question was a Cadillac Hearse, commonly used for funeral processions. Repairing the damage could cause hardship to the victim in operating and running funerals, which in turn affects those seeking funeral services for their loved ones. The Defendants' alleged actions show a great disregard for the community.

While the Defendants are presumed innocent and may be acquitted at a later date, the circumstances of the allegations levelled at the Defendants are of such a serious nature as to greatly discourage transfer to Family Court.

/

## C.     Advantages of Treatment in the Juvenile Justice System, the Defendants' History of Treatment, and Likelihood of Rehabilitation.

As both Defendants argue, the benefit of the Juvenile Justice System is its educational and rehabilitative nature. Defendants assert that the Family Court will provide them with opportunities to finish their education and receive treatment to assist their psychological and emotional growth into adulthood. Dickilimai's Motion at 4; Elson's Motion at 7. There is no evidence of either Defendant having a history of treatment neither from the Family Court nor outside sources. There is no evidence to suggest that the Defendants would oppose treatment from the Family Court. These factors weigh in favor of transfer the Defendants' cases to Family Court.

However, Defendant Dickilimai, while he does not have cases prior to the present case, currently has a new case pending in CM0388-19. The Court is skeptical that Defendant Dickilimai will turn his behavior around, considering he picked up a new case only within six (6) months of the present case. Additionally, Defendant Dickilimai has had issues complying with his release conditions. *See* 1st Violation Report (July 19, 2019). These factors greatly disfavor transferring Defendant Dickilimai's case.

In total, the Court finds that these factors favor transfer of Defendant Elson's case but does not favor transfer of Defendant Dickilimai's case.

## D.     Security of the Public.

Here, the Defendants are charged with non-violent offenses involving destruction of property and theft. While the offenses alleged are serious, the Court finds the offenses charged do not *require* that the minors be sentenced as adults under Title 9 Chapter 80 in order to protect the security of the public. This factor favors transfer of the Defendants' cases.

### E.     Adequacy of Punishment.

If the Court choose to decertify the Defendants as adults and transfers their cases to Family Court, the Family Court would retain jurisdiction over the Defendants at most until they reach twenty-one years of age. 19 G.C.A. §5105. For both Defendants, the Family Court would retain jurisdiction for a maximum of about three years. If convicted of the greatest offense, Defendants Dickilimai and Elson would be subject to a minimum sentence of five (5) years without suspension and up to ten (10) years. 9 G.C.A. § 43.20(a). Comparing the Family Court's maximum jurisdiction over the Defendants to the sentence that would be imposed if the Defendants' are convicted, the Court finds that the time to be served is disproportionate and, therefore, disfavors transfer to Family Court.

After analyzing all of the factors, this Court does not find that clear and convincing evidence demonstrates "that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." 19 G.C.A. § 5106(d). While some factors weigh in favor of transferring the minors to Family Court, this Court is required to weigh the circumstances of the offenses and the minor's history of prior juvenile cases greater than other factors. *Id.* The allegations in this case deeply trouble the Court, and the Declaration accompanying the Complaint shows a particular level of disregard and disrespect for the safety of the community that simply cannot be disregarded or dismissed as youthful ignorance. The allegations that the Defendants stole a funeral vehicle from a church make the Court question whether either Defendant would truly avail themselves of the benefits that the Family Court provides. As such, the Court will deny both Defendants' Motions and proceed with the case as certified.

\

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant Dickilimai's Motion and **DENIES** Defendant Elson's Motion. The Court will set a pre-trial conference for all three defendants on March 31, 2020 at 3:00pm.

**IT IS SO ORDERED** on this 4th day of March, 2020.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

AG's, S. TEKER
PDSC & APP

Date: 3/4/20 Time: _____

Deputy Clerk, Superior Court of Guam